**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DR. JOHN DANIEL MCCARTHY,

        Plaintiff,

vs.                          Case No. 3:18-cv-1213-J-34JRK

RICHARD V. SPENCER, Secretary
of the Navy,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

### I. Status

This cause is before the Court on Defendant's Dispositive Motion to Dismiss; Alternatively, Motion to Stay Pending Administrative Exhaustion (Doc. No. 14; "Motion"), filed December 21, 2018. Plaintiff opposes the Motion. See Plaintiff Dr. John McCarthy's Response in Opposition to Motion to Dismiss (Doc. No. 16; "Response"), filed January 4, 2019. With leave of Court, see Order (Doc. No. 19), Defendant replied and Plaintiff sur-replied, see Defendant's Reply Memorandum in Support of Defendant's Dispositive Motion to Dismiss or Stay (Doc. No. 22; "Reply"), filed February 5, 2019; Plaintiff Dr. John D. McCarthy's Surreply in Response to Defendant's Reply Memorandum in Support of Defendant's Dispositive Motion to Dismiss or Stay (Doc. No. 23; "Sur-reply"), filed February 19, 2019. On April 2, 2019, the Motion was referred to the undersigned for a report and

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

recommendation regarding an appropriate resolution. See Order (Doc. No. 32). For the reasons explained below, the undersigned recommends granting the Motion to the extent that the case should be dismissed for failure to exhaust administrative remedies, and denying as moot the rest of the Motion.

## II.  Complaint

Plaintiff, Dr. John D. McCarthy, commenced this action on October 12, 2018 by filing a Complaint (Doc. No. 1) against Defendant, Richard V. Spencer, the Secretary of the Navy, pursuant to 28 U.S.C. §§ 2201 and 2202. According to the Complaint, Plaintiff served in the United States Navy, having completed more than six years of active duty before being honorably discharged on May 31, 2011. Id. at 4-5 ¶ 18, Ex. B. He then decided on March 12, 2013 "to continue his naval service when he entered a military doctor pipeline program," the Armed Forces Health Professional Scholarship Program ("AFHPSP"). Id. at 5 ¶ 19. The AFHPSP "provides funds for medical school in exchange for subsequent active duty service as a Navy doctor." Id. at 5 ¶ 19, Ex. C. Plaintiff alleges that despite successfully completing "all medical school and military requirements mandated by the AFHPSP Service[] Agreement" and "attain[ing] a medical degree in good standing and on time with his entering class on June 4, 2017," he was separated from the Navy and withdrawn from the AFHPSP. Id. at 5-6 ¶¶ 20-21, 27 (citing id. at Ex. D).

Through the Complaint, Plaintiff seeks declaratory relief that Defendant: 1) wrongfully withdrew him from the AFHPSP (count I); 2) wrongfully and involuntarily separated him from the Navy (count II); 3) failed to provide him with written discovery regarding his adversarial proceeding with the Navy (count III); and 4) improperly attempted to recoup the cost of Plaintiff's medical school under the AFHPSP Service Agreement (count IV). Plaintiff also

brings a pendent state law claim for an alleged violation of the Florida Consumer Collection Practices Act, Florida Statutes § 559.55 et seq. (count V).[2]

### III.  Parties' Arguments

Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction[3] and failure to state a claim.[4]  Motion at 3.  First, Defendant argues that Plaintiff has failed to

---

[2] Plaintiff states in his Response that he intends to dismiss count V. See Response at 1 n.1.  Then in his Sur-Reply, Plaintiff assumes he already has dismissed count V by stating his intention to do so in the Response.  See Sur-Reply at 9 n.6.  Plaintiff has not yet dismissed count V because the proper way to do so is through filing an amended complaint, which Plaintiff has not done.  See Campbell v. Altec Indus., Inc., 605 F.3d 839, 841 n.1 (11th Cir. 2010) (citing Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004)).

[3] "Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms"—facial attacks and factual attacks. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990); see Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232-33 (11th Cir. 2008).  "Facial attacks on the complaint require[ ] the court merely to look and see if [a] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence, 919 F.2d at 1529 (citations and quotations omitted).  On a facial attack, the plaintiff is given similar safeguards as those afforded to plaintiffs who oppose a motion to dismiss for failure to state a claim—that is, "the court must consider the allegations of the complaint to be true." Id. (citations omitted).  On the other hand, factual attacks "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (citations and quotations omitted).  When considering a factual attack, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to [the] plaintiff's allegations." Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  It is incumbent upon the plaintiff to prove that jurisdiction exists. OSI, Inc. v. United States, 285 F.3d 947, 951 (11th Cir. 2002) (citations omitted); see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

[4] In reviewing and deciding a motion to dismiss for failure to state a claim premised on Rule 12(b)(6), "the court limits its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotation omitted); see also Contour Spa at the Hard Rock v. Seminole Tribe of Fla., 692 F.3d 1200, 1201 (11th Cir. 2012) (in reviewing an order on a motion to dismiss, stating that the Court "take[s] as true the facts alleged in [the] complaint and attached exhibits").  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation and citation omitted).  Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).  A plaintiff's factual allegations, even though taken as true and in the light most favorable to the plaintiff, must be sufficient "to raise a right to relief above the

(continued...)

exhaust his administrative remedies; according to Defendant, this failure requires dismissal or alternatively, a stay of the case.  Id. at 4-8; see Reply at 2-9.  Second, Defendant argues that "Plaintiff failed to plead a basis for the Court to exercise subject matter jurisdiction over the case, and none exists without administrative exhaustion," so the Court should dismiss the case on this basis as well.  Motion at 8, 8-12.  Third, Defendant argues that Plaintiff was properly dismissed from the AFHPSP, so "[w]hen and if Plaintiff presents the Court with a procedurally proper claim, the case should still be dismissed on the merits."  Id. at 15.[5]

Responding, Plaintiff contends as to the administrative remedies argument that because Defendant allegedly breached the AFHPSP Service Agreement by discharging Plaintiff from the AFHPSP, Plaintiff is "relieved of any remaining contractual duties he might have had" under that agreement.  Response at 13-14.  According to Plaintiff, this includes the requirement in the agreement that he exhaust administrative remedies prior to seeking judicial review.  Id. at 14.  Alternatively, Plaintiff argues he has properly exhausted the administrative remedies.  Id.  As another alternative, Plaintiff asserts that he "meets several exceptions" to the administrative exhaustion requirement; namely, that no genuine opportunity for adequate relief exists "because of [] Defendant's conflicts of interest," id. at

---

[4](...continued)
speculative level."  Twombly, 550 U.S. at 570.

[5]    Defendant makes two other arguments that the Court need not address except to recognize them.  He argues that Plaintiff's state law claim is barred by sovereign immunity.  Motion at 12-13. Given Plaintiff's intention to dismiss that claim, see supra n.2, this argument does not have to be considered by the Court.  Defendant also argues "[t]o the extent that Plaintiff requests the [C]ourt to order his commission as a Navy doctor" and requests that the Court order "back pay for a commission the Navy was within its discretion to deny," these requests are non-justiciable.  Motion at 13-14.  Plaintiff clarifies in the Response that he does not seek these types of relief: "he has never asked the Court to reinstate him, direct back pay, or direct his commission as a Navy Doctor.  To use naval jargon, that warship has sailed."  Response at 17.

15; that irreparable injury will result if Plaintiff is directed to pursue administrative remedies, id. at 16; and that an administrative appeal would be futile, id.

As to Defendant's subject matter jurisdiction argument, Plaintiff responds that because the Court has reviewed the matter sua sponte and determined (at least preliminarily) that it has jurisdiction over the matter, Defendant's argument fails. Id. at 17 (citation omitted); see Notice (Doc. No. 8) (stating, "Based upon the Plaintiff's . . . Complaint, the Court is satisfied of the existence of subject matter jurisdiction over this action"). Finally, as to Defendant's argument that the case should be dismissed on the merits, Plaintiff responds that the "argument is premature in that [Defendant] filed a Motion to Dismiss," but Plaintiff also proceeds to explain why, in his view, the case cannot be dismissed on the merits. Id. at 17-19.

## IV.  Discussion

With respect to exhaustion of administrative remedies, "a party may not ask a court to rule on an adverse administrative determination until he has availed himself of all possible remedies within the agency itself." Von Hoffburg v. Alexander, 615 F.2d 633, 637 (5th Cir. 1980) (citation omitted).[6]  "[B]ecause the administrative agency is created as a separate entity and invested with certain powers and duties, the courts should not interfere with an agency until it has completed its action or clearly exceeded its jurisdiction." Id. (citing McKart v. United States, 395 U.S. 185, 194 (1969)). As applied in the context of military discharge cases, "a court should not review internal military affairs in the absence of (a) an allegation

---

[6]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice corrective measures." Id. (quoting Mindes v. Seaman, 453 F.2d 197, 201 (5th Cir. 1971)); see also Winck v. England, 327 F.3d 1296, 1303-04 (11th Cir. 2003) (recognizing certain parts of Mindes have been called into question over time, but "reaffirm[ing] the unflagging strength of the principles of comity and judicial noninterference with, and respect for, military operations that informed the Mindes doctrine" and requiring exhaustion prior to a military service member filing a habeas petition), abrogated in part on other grounds by, Santiago-Lugo v. Warden, 785 F.3d 467, 471 (11th Cir. 2015).

Intraservice corrective measures are provided for in 10 U.S.C. § 1552(a)(1), which allows "[t]he Secretary of a military department [to] correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice," and 32 C.F.R. § 723.2(a) and (b), which permit "the Board for Correction of Naval Records [("BCNR")]" to be "established by the Secretary of the Navy" and "to make recommendations to the Secretary or to take corrective action on the Secretary's behalf when authorized."

There are exceptions to the requirement that administrative remedies be exhausted. At the outset, "exhaustion may not be required . . . if the plaintiff has raised a substantial constitutional question." Von Hoffburg, 615 F.2d at 638 (citation omitted); see Williams v. Sec'y, United States Navy, No. 3:14-cv-1098-J-39JBT, 2015 WL 13790817, at *3 (M.D. Fla. July 22, 2015) (unpublished order) (citation omitted). In addition, "exhaustion is not required where no genuine opportunity for adequate relief exists, irreparable injury will result if the

complaining party is compelled to pursue administrative remedies, or an administrative appeal would be futile." Linfors v. United States, 673 F.2d 332, 334 (11th Cir. 1982) (citations and quotation omitted) (holding the district court erred in allowing a complaint about military affairs to proceed without first requiring a plaintiff "to surmount the exhaustion hurdle"). A plaintiff has the burden of showing that an exception to the exhaustion requirement applies. See Williams, 2015 WL 13790817, at *3 (citing Layman v. Harvey, No. 8:05-cv-2208-T-24EAJ, 2007 WL 430678, at *5 (M.D. Fla. Feb. 5, 2007) (unpublished)).

Here, despite Plaintiff's allegation to the contrary, he has not yet exhausted his administrative remedies. Plaintiff contends he met the requirement of exhaustion by filing a "comprehensive appeal" with Defendant on June 29, 2017, which was adjudicated by the Deputy Assistant Secretary of the Navy for Manpower. See Response at 14. Plaintiff acknowledges that he filed a petition with the BCNR on September 13, 2018 which remains pending, id. at 11, but according to Plaintiff, "[g]iven the fact that there have been no changes to the operative facts, [] Defendant has already reviewed and decided the matter," id. at 15. Because Plaintiff's BCNR case remains pending, however, see id. at 11; Reply at 7, there is no final agency determination yet. See 10 U.S.C. § 1552(a)(1); 32 C.F.R. § 723.2(a), (b); Strickland v. United States, 423 F.3d 1335, 1339 (Fed. Cir. 2005) (stating that "after reviewing the record and the Board's recommendation, the Secretary or his designee makes the one and only actual decision" and "[t]his decision is plainly the final agency action"). Accordingly, the administrative remedies have not been properly exhausted.

Nor can Plaintiff meet his burden of establishing an exception to the requirement that he exhaust his administrative remedies prior to bringing suit. Plaintiff contends that

Defendant's alleged breach of the AFHPSP Service Agreement relieves Plaintiff from having to comply with the portion of the Service Agreement requiring exhaustion of administrative remedies.  See Response at 6 (citing id. at Ex. C ¶ 20), 13-14.  But, it is not just the AFHPSP Service Agreement that contains the requirement of exhaustion; it is also required by applicable statutes and case law.  In any event, whether Defendant breached the Service Agreement is an ultimate issue in the litigation—-the alleged breach cannot serve as the basis for relieving Plaintiff of exhausting his administrative remedies.

Plaintiff also contends he "meets several [recognized] exceptions" to the exhaustion requirement.  See Response at 15 (emphasis omitted).  In this regard, Plaintiff first argues he does not have a genuine opportunity for adequate relief because of "Defendant's conflicts of interest."  Id.; see Linfors, 673 F.2d at 334 (recognizing exception of exhaustion when there is no genuine opportunity for adequate relief).  As alleged conflicts of interest, Plaintiff asserts that for him to obtain relief, Defendant would have to "find against his prior actions" and face "possible political repercussions" and "additional lawsuits from other military plaintiffs."  Response at 15-16.  But this argument could be made in every military discharge case.  The alleged conflicts simply do not rise to the level that would preclude Plaintiff from having a genuine opportunity for adequate relief.

Second, Plaintiff contends he meets the exception for irreparable injury.  See Response at 16; see also, e.g., Linfors, 673 F.2d at 334 (recognizing exception for exhaustion for irreparable injury).  In support, Plaintiff states that the Government is already pursuing collection of his substantial debt to the detriment of his family; that delay in litigation will mean the "debt will continue to mount"; and that delay will harm his career at a critical decision-making point.  Response at 16; Sur-Reply at 7, Ex. B (collections notice dated

February 19, 2019). "[T]he irreparable harm exception to the exhaustion requirement," however, "is to be examined as of the time intramilitary remedies must actually be sought," not at the time a plaintiff pleads for relief from the court. Winck, 327 F.3d at 1305; see Williams, 2015 WL 13790817, at *3. It appears that the alleged harm to which Plaintiff points started occurring after he sought relief from the Court, which would not qualify to meet the exception. In any event, while the undersigned is sympathetic to Plaintiff possibly facing harm from additional delay of the matter, it is not the type of irreparable harm that warrants relief from the exhaustion requirement.

Third, Plaintiff argues that it would be futile to require him to exhaust administrative remedies because of Defendant's delay in reviewing the matter "without any change to the operative facts," Response at 16 (emphasis omitted), and because "Defendant continues to violate the law" without any explanation, Sur-Reply at 7 (emphasis omitted). While Plaintiff's frustration with the process is perhaps understandable, he does not establish that the process is futile such that it should excuse him from exhausting administrative remedies. This is especially so because the BCNR must make a recommendation on the alleged wrongdoing and, "though the Secretary may overrule the [BCNR's] recommendations for relief, he cannot do so arbitrarily; if he rejects the [BCNR's] recommendations, he must provide either explicitly stated policy reasons, or his action must be supported by the record and evidence presented to the [BCNR]." Winck, 327 F.3d at 1306 (alterations in original) (quoting Hodges v. Callaway, 499 F.2d 417, 423 (5th Cir. 1974)). Further, "[e]xhaustion is required in part because of the possibility that administrative review might obviate the need for judicial review." Id. (quoting Hodges, 499 F.2d at 423). In short, "it is surely beyond [the Court's] authority to permit the exceptions to the exhaustion doctrine to swallow the rule."

Id. (quoting Hodges, 499 F.2d at 423). Plaintiff's futility argument fails.[7]

## V. Conclusion

Plaintiff has not yet exhausted his administrative remedies, and he must do so prior to seeking relief from the Court. Thus, the matter is due to be dismissed without prejudice. See Hodges, 499 F.2d at 421 (stating, "If the suit was filed after discharge, the court may not retain jurisdiction while the plaintiff resorts to administrative review"); see also Winck, 327 F.3d at 1307 n.10.[8] In light of this conclusion, the Court need not reach the remaining arguments for dismissal.

In accordance with the foregoing, it is

**RECOMMENDED**:

1. That Defendant's Dispositive Motion to Dismiss; Alternatively, Motion to Stay Pending Administrative Exhaustion (Doc. No. 14) be **GRANTED in part and DENIED as moot in part**.

2. That the Motion be **GRANTED** to the extent that the case be **DISMISSED without prejudice** for failure to exhaust administrative remedies.

3. That the Motion otherwise be **DENIED as moot**.

---

[7] The undersigned also finds that Plaintiff has not raised a substantial constitutional question that would relieve him from the requirement of exhausting administrative remedies.

[8] Defendant alternatively requests a stay of the case pending administrative exhaustion, but a stay does not seem to be contemplated by Hodges and Winck. There is later binding authority, outside the military discharge context, that held exhaustion of administrative remedies is not a "jurisdictional" bar to seeking certain types of habeas relief. See Santiago-Lugo, 785 F.3d at 475 (stating that "[t]he exhaustion requirement is still a requirement; it's just not a jurisdictional one"). Whether or not exhaustion is "jurisdictional" here, it seems that the dictates of Hodges and Winck stand true that a court should not maintain jurisdiction pending exhaustion of administrative remedies. Nevertheless, if the Court is not inclined to dismiss the case pending exhaustion, the undersigned would alternatively recommend a stay.

    4.    That the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on July 19, 2019.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:

Hon. Marcia Morales Howard
United States District Judge

Counsel of Record