# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DR. JOHN DANIEL MCCARTHY,

    Plaintiff,

v.                              Case No. 3:18-cv-1213-J-34JRK

JAMES E. MCPHERSON,
Acting Secretary of the Navy,[1]

    Defendant.

## ORDER

**THIS CAUSE** is before the Court on Defendant's Dispositive Motion to Dismiss; Alternatively, Motion to Stay Pending Administrative Exhaustion (Doc. 54; Motion), filed on February 7, 2020. Plaintiff filed a response in opposition to the Motion on February 21, 2020. See Plaintiff Dr. John D. McCarthy's Response in Opposition to Defendant's Motion to Dismiss; Alternative, Motion to Stay Pending Administrative Exhaustion (Doc. 56; Response). With leave of Court, see Order (Doc. 59), Defendant filed a reply to the Response on March 16, 2020, see Defendant's Reply Memorandum in Support of Dispositive Motion to Dismiss or Stay (Doc. 60), and Plaintiff filed a sur-reply on March 30, 2020, see Plaintiff Dr. John D. McCarthy's Surreply in Response to Defendant's Reply Memorandum in Support of Defendant's Motion to Dismiss or Stay (Doc. 61).

---

[1] James E. McPherson became the Acting Secretary of the Navy on April 7, 2020. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, James E. McPherson is substituted for Thomas B. Modly as Defendant in this suit.

Plaintiff initiated this action on October 12, 2018, by filing a five-count Complaint (Doc. 1; Original Complaint) for declaratory relief against the Secretary of the Navy in his official capacity. In general, Plaintiff challenges Defendant's decision to honorably discharge him from the Navy Reserves and withdraw him from the Armed Forces Health Professional Scholarship Program (AFHPSP), through which Plaintiff received medical school scholarship funds in exchange for subsequent active duty service as a Navy doctor. In the Original Complaint, Plaintiff asked the Court to declare that Defendant: (1) wrongfully withdrew him from the AFHPSP (Count I); (2) wrongfully separated him from the Navy without following the procedures set forth in 10 U.S.C. § 12683 (Count II); (3) wrongfully denied him written discovery regarding his adversarial proceeding with the Navy (Count III); (4) wrongfully attempted to recoup the cost of Plaintiff's medical school (Count IV); and (5) violated the Florida Consumer Collection Practices Act.

On December 21, 2018, Defendant moved to dismiss the Original Complaint or in the alternative to stay the case. See Defendant's Dispositive Motion to Dismiss; Alternatively, Motion to Stay Pending Administrative Exhaustion (Doc. 14). On April 2, 2019, the Court referred the motion to the Honorable James R. Klindt, United States Magistrate Judge, for the preparation of a report and recommendation regarding an appropriate resolution of the motion. See Order (Doc. 32). Thereafter, on July 19, 2019, the Magistrate Judge entered a Report and Recommendation (Doc. 36; Report) recommending that the Original Complaint be dismissed without prejudice for failure to exhaust administrative remedies before commencing this action. See generally Report. Upon review of the Report as well as Plaintiff's and Defendant's objections thereto, the Court determined that a hearing was necessary to resolve the matter, see Order (Doc. 44),

and ultimately heard argument from the parties on November 5, 2019, see Clerk's Minutes (Doc. 48); Motion Hearing Transcript (Doc. 62; Transcript). At the hearing, the Court dismissed Count I of the Original Complaint without prejudice for lack of subject matter jurisdiction. See id. at 48. In addition, because Plaintiff expressed a desire to amend his claims, see id. at 18-21, 44-46, the Court gave Plaintiff a deadline to file an amended complaint, see id. at 53. On January 10, 2020, Plaintiff filed the operative Amended Complaint for Declaratory Judgment (Doc. 51; Amended Complaint), in which he reasserts the claims raised in Counts I through IV of the Original Complaint and adds a claim pursuant to the Administrative Procedure Act (APA) (Count V) and a claim under the Equal Access to Justice Act (Count VI).

In the instant Motion, in addition to asserting that the Amended Complaint is due to be dismissed, Defendant alternatively requests that the Court stay the case "until Plaintiff completes his administrative exhaustion obligations." See Motion at 4. In response, Plaintiff argues that "the matter is not required to be stayed" pending the outcome of the proceedings before the United States Navy Board for Correction of Naval Records (BCNR). See Response at 1. As relevant to this issue, on September 13, 2018, one month before filing the Original Complaint, Plaintiff submitted a petition to the BCNR. See Amended Complaint ¶ 161; see also id., Exhibit SS: Application for Correction of Military Record Under the Provisions of Title 10, U.S. Code, Section 1552 (Doc. 51-54). In the petition, Plaintiff "seeks appropriate corrections to [his] military record to bar the Navy's improper attempt to recoup the costs of the AFHPSP scholarship, and reimburse [Plaintiff] for his lost career benefits, including lost wages, loss of creditable service toward retirement, loss of medical and insurance benefits, emotional distress, injury to

professional reputation, and loss of professional opportunities." See Amended Complaint ¶ 162. When asked about the status of the BCNR proceedings at the hearing, counsel for Plaintiff represented that the BCNR website indicated only that Plaintiff's petition, which had been pending for 14 months, was "still pending and could be decided in the next 14 months." See Transcript at 4. About three weeks later, on November 27, 2019, Plaintiff received an email from a BCNR official "enclosing an advisory opinion from Navy Personnel Command, dated January 25, 2019, which recommends denial of Dr. McCarthy's BCNR petition on the basis that he was afforded all due process to which he was entitled." Amended Complaint ¶ 163. The email invited Plaintiff to submit a response, which he did on December 20, 2019. See id. ¶¶ 164-65. Plaintiff then received a second advisory opinion from a BCNR official on January 23, 2020, in which "Navy Personnel Command opin[es] that Dr. McCarthy's six (6) prior years of service only counted for pay purposes and that due to a break in service Dr. McCarthy was not entitled to a separation board under 10 U.S.C. § 12683." See Response at 8; see also id., Exhibit 1: Correspondence from Navy Personnel Command dated January 23, 2020 (Doc. 56-1). Plaintiff responded to the second advisory opinion on February 18, 2020. See Response at 8-9.

The Court has the inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); Ryan v. Gonzales, 568 U.S. 57, 74 (2013) ("[T]he decision to grant a stay . . . is generally left to the sound discretion of district courts."

(internal quotations and citations omitted)). When addressing cases brought under the Declaratory Judgment Act, the Court has particularly wide latitude to exercise this authority because "'[t]here is . . . nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court' to hear a declaratory judgment action." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995) (internal quotation marks and citation omitted). Indeed, the Declaratory Judgment Act specifically provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).

> Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. . . . The statute's textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface.

Wilton, 515 U.S. at 286-87.

Here, in consideration of the record in this action and given the Court's undisputed broad discretion, the Court finds it appropriate to stay this action pending resolution of the BCNR proceedings. Undoubtedly, the outcome of the BCNR proceedings has the potential to affect this case. If the BCNR recommends correcting Plaintiff's record such that the Navy cannot attempt to recoup the cost of his medical school scholarship or concludes that Plaintiff was entitled to a separation board under 10 U.S.C. § 12683, then some of Plaintiff's claims would likely be rendered moot or, at the very least, greatly simplified. See generally Wilt v. Gilmore, 62 F. App'x 484, 488-89 (4th Cir. 2003) ("Because Wilt has a claim pending before the [Army board of military corrections], on which a result favorable to him could render his APA claim largely moot, consideration of

the claim in federal court at this point would be imprudent."). On the other hand, if the BCNR does not issue a recommendation favorable to Plaintiff, then the Court would have the benefit of a more fully developed factual record from the BCNR, particularly with regard to evaluating Plaintiff's APA claim.

In his response to the Motion, Plaintiff argues that "the matter is not required to be stayed" pending the outcome of the proceedings before the BCNR because, among other things, "no relevant statute or agency regulation requires exhaustion[.]" See Response at 1. Notably, while arguing that a stay is "not required," Plaintiff does not assert that a stay would be unwarranted or improper. In this regard, the Court observes that in Plaintiff's objections to the Magistrate Judge's Report, Plaintiff stated that he was not opposed to a stay. See Plaintiff Dr. John D. McCarthy's Objections to The Magistrate Judge's Report & Recommendation (Doc. 37; Objections) at 14 n.5.[2] Moreover, regardless of whether he was required to exhaust statutory remedies, by filing the BCNR petition Plaintiff has in fact asked the Navy to review its decision to discharge him and seek repayment of his scholarship.[3] It would be an inefficient use of judicial recourses, as well

---

[2] Specifically, Plaintiff stated that he was "not opposed to the Court staying the proceeding until such time as the BCNR resolves Dr. McCarthy's appeal as a stay will also preclude the Defendant's collection agency from further harassing Dr. McCarthy. A dismissal of the lawsuit, even without prejudice, will permit Defendant to continue to harass Dr. McCarthy with collection communications regarding the ever-increasing debt." See Objections at 14 n.5. Thus, a stay of this case would appear to be of benefit to Plaintiff at this time.

[3] Without expressing a view on the merits, the Court notes the existence of authority suggesting that, because Plaintiff filed a petition to the BCNR, there will be no final decision for this Court to review under the APA until the BCNR decides Plaintiff's petition. See Walsh v. Hagee, 900 F. Supp. 2d 51, 60 (D.D.C. 2012) ("[A] district court has jurisdiction to review a decision regarding the correction of a military record under the [APA], see Kreis v. Sec. of the Air Force, 866 F.2d 1508, 1515 (D.C. Cir. 1989), only if there is a "final agency action for which there is no other adequate remedy[.]" 5 U.S.C. § 704 (emphasis added). Here, Walsh states that he filed a request to correct his record with the BCNR. However, he admits that the BCNR has yet to decide his claim. . . . Because there is no final decision for this court to review, Walsh fails to state a cause of action to review an agency decision relating to his request to correct his military record."); Acura of Bellevue v. Reich, 90 F.3d 1403, 1407 (9th Cir. 1996) ("We hold that exercise of an

as a waste of the parties' time and energy, to address the merits of Plaintiff's APA claim before allowing the Navy to resolve its own administrative review of similar claims. Plaintiff can challenge the Navy's final decision with regard to his BCNR petition by amending his complaint again, if necessary.[4] Thus, consistent with the authority outlined above, the Court is of the view that the proper course of action here is to stay this matter pending resolution of the BCNR proceedings.

Accordingly, it is

**ORDERED:**

1. The Clerk of the Court is **directed** to correct the docket in this case by substituting James E. McPherson, Acting Secretary of the Navy, for Thomas B. Modly as Defendant in this suit.

2. Defendant's Dispositive Motion to Dismiss; Alternatively, Motion to Stay Pending Administrative Exhaustion (Doc. 54) is **GRANTED in part** and **DENIED without prejudice in part**.

    a. The Motion is **GRANTED** to the extent that this case is **STAYED** until the BCNR proceedings have been resolved.

    b. The Motion is **DENIED without prejudice** to the extent that Defendant seeks to have this case dismissed.

---

optional appeal to a Department ALJ renders the initial Administrator's decision nonfinal for purposes of judicial review under the APA.").

[4] Plaintiff also contends that "the Defendant conceded in Court, Dr. McCarthy was wrongfully discharged from the United States Navy and thus the Navy's adverse decision is administratively final and there is no administrative record for the [BCNR] to review[.]" Id. (citing Transcript at 39). These statements by counsel at the hearing appeared more to be defense counsel's opinion after a preliminary review of the matter, than a "final" decision of either the Navy or the BCNR. See Transcript at 39-40, 50-51.

3. The parties are directed to file a status report with this Court **August 14, 2020**, and every **90 days thereafter**, advising the Court of the status of the BCNR proceedings.

4. Any party may move to lift the stay and re-open this case upon the resolution of the BCNR proceedings.

5. Ruling on Defendant's Motion to Redesignate Action as Track One and Supporting Memorandum (Doc. 55) is **DEFERRED** until this case is reopened.

6. The Clerk of the Court is **directed** to administratively close this case pending further order of the Court.

**DONE AND ORDERED** in Jacksonville, Florida on April 13, 2020.

MARCIA MORALES HOWARD
United States District Judge

Lc23

Copies to:

Counsel of Record