**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DR. JOHN DANIEL MCCARTHY,

    Plaintiff,

vs.                                           Case No. 3:18-cv-1213-MMH-LLL

CARLOS DEL TORO, Secretary of
the Navy,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration to Transfer Case (Doc. 119; Motion), filed March 13, 2023. Citing Rule 59 of the Federal Rules of Civil Procedure (Rule(s)), Plaintiff John Daniel McCarthy seeks reconsideration of the Court's Order (Doc. 118; Dismissal Order) dismissing this action without prejudice for lack of subject matter jurisdiction. See Motion at 1. Specifically, McCarthy asks the Court to withdraw its Dismissal Order and "enter an amended order transferring the case" to the United States Court of Federal Claims. Id. McCarthy argues that a transfer would be "in the interest of justice" because the parties' "extensive briefing and motion practice" in this Court "will benefit the Court of Federal Claims" and the parties will not have to "begin anew." Id. at 2–3 (citing 28

U.S.C. § 1631). On March 27, 2023, Defendant Carlos Del Toro, Secretary of the Navy (the Secretary) filed a response in opposition to the Motion. See Defendant's Response in Opposition to Plaintiff's Motion for Reconsideration to Transfer Case (Doc. 120; Response). Accordingly, this matter is ripe for review.

**I.     Standard of Review**

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e).[1] Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[ ]discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999). For example, reconsideration may be appropriate

---

[1] The Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008). It is widely recognized, however, that Rule 59(e) (which governs motions "to alter or amend a judgment") encompasses motions for reconsideration. Controlled Semiconductor, Inc., 2008 WL 4459085, at *1 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure 2d § 2810.1 (2007)).

where "the Court has patently misunderstood a party." O'Neill v. Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005). Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued." O'Neal, 958 F.2d at 1047. Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985); see also Mincey, 206 F.3d at 1137 n.69; Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law"). Accordingly, the Eleventh Circuit Court of Appeals has held that the "[d]enial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted). Moreover, "[w]hen

evaluating a motion for reconsideration, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

## II. Discussion

Having reviewed the briefing and the applicable law, the Court finds that the Motion is due to be denied. Notably, McCarthy fails to address the relevant legal standards under Rule 59. And he has not pointed to an intervening change in controlling law, new evidence, or a manifest error of fact or law in the Court's Dismissal Order. For that reason alone, the Motion is due to be denied. Moreover, prior to the entry of the Dismissal Order, neither party asked the Court to transfer the case to the Court of Federal Claims in the event the Court concluded that it lacked jurisdiction. Given the interests of finality and judicial economy, the Court is not inclined to allow McCarthy to make a new request and raise "arguments which could, and should, have been made before the judgment was issued." O'Neal, 958 F.2d at 1047.

The Court also finds that McCarthy has not shown that a transfer would be in the interest of justice pursuant to 28 U.S.C. § 1631. The Court doubts that the records and briefing in this action would be of much value to the Court of Federal Claims because the parties focused their briefing here on whether the

- 4 -

case should be in this Court. That issue likely will not be relevant to a determination on the merits. If any of this Court's records prove to be necessary, the Court of Federal Claims may easily retrieve documents from this Court's electronic docket.

In addition, a transfer is not necessary because the statute of limitations has not yet run. See 28 U.S.C. § 2501; Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999). A transfer also is not likely to save Plaintiff substantial resources. Even if the Court transferred this case, the Court of Federal Claims would require McCarthy to file an amended complaint conforming to the requirements of that court's rules. See U.S. Ct. Fed. Claims R. 3.1(a)(4).

Moreover, the Court notes that McCarthy has always had the option of filing a case in the Court of Federal Claims, which plainly would have jurisdiction over the contractual and monetary portions of his claims. Or McCarthy could have pled a true Administrative Procedure Act claim in this Court. Instead, McCarthy attempted to "plead around" the Tucker Act to obtain a declaratory judgment from this Court that he could then use to get a monetary judgment from the Court of Federal Claims. See Dismissal Order at 16 n.7; see also id. at 11–12 (citing the well-established case law that one may not use artful pleading to avoid the jurisdictional limitations of the Tucker Act). Thus, to the extent McCarthy suffers prejudice from having to start his case over, the responsibility for that prejudice lies with his strategic decision.

Finally, the Court concludes that a transfer would not be in the interest of justice because the Court has serious concerns about the merits of McCarthy's claims as pled in his most recently filed complaint. See Second Amended Complaint for Declaratory, Injunctive, and Mandamus Relief (Doc. 105), filed March 25, 2022. The Secretary has already found that McCarthy's involuntary separation was improper, voided his discharge, declared that he is entitled to constructive service credit, and cancelled the recoupment action. See Dismissal Order at 3–4. Therefore, many of McCarthy's claims are likely moot. See Graham v. Butterworth, 5 F.3d 496, 499 (11th Cir. 1993); Nieves v. McHugh, 111 F. Supp. 3d 667, 683 (E.D.N.C. 2015); Cummins v. Sec'y of Army, No. CV-94-4073 (CPS), 1996 WL 537826, at *2 n.1 (E.D.N.Y. Sept. 12, 1996). For all of these reasons, the Court finds that transferring the case, in its current form, would not be in the interest of justice.[2]

### III. Conclusion

Because McCarthy has not satisfied the requirements of Rule 59(e) or shown that a transfer would be in the interest of justice, the Court will deny his Motion. Accordingly, it is

**ORDERED:**

---

[2] Of course, the Court is not ruling on the merits of these claims. That determination is for a court with jurisdiction.

1. Plaintiff's Motion for Reconsideration to Transfer Case (Doc. 119) is **DENIED**.

2. Plaintiff's Time Sensitive Motion for Status Hearing (Doc. 121) is **DENIED as moot**.

**DONE AND ORDERED** in Jacksonville, Florida, on May 26, 2023.

MARCIA MORALES HOWARD
United States District Judge

lc30
Copies to:

Counsel of Record